## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MINNESOTA

In Re:                                          )
                                                )   **Bankruptcy Case No.** 09-60800
    Steven G. Tilleskjor,                  )   **Chapter 7**
    Ann M. Tilleskjor,                     )
    dba Alexandria Plumbing                )
    and Heating,                           )
             Debtor(s).                 )   The Honorable Dennis O'Brien
_____ )
Bremer Bank, National Association,              )
                                                )   **Adversary No. _____**
             Plaintiff,                 )
                                                )
    vs.                                    )
                                                )
Steven G. Tilleskjor,                           )
Ann M. Tilleskjor,                              )
Dba Alexandria Plumbing                         )
and Heating,                                    )
                                                )
             Defendants.                )
                                                )

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBTS AND
## COMPLAINT OBJECTING TO DISCHARGE

Bremer Bank, National Association, hereafter referred to as "Bremer" commences this

Complaint against the Defendants, Steven G. Tilleskjor, ("Steven"), Ann M. Tilleskjor, ("Ann")

d/b/a Alexandria Plumbing and Heating, (any reference to Defendants denotes Steven and Ann

jointly and severally) in order to obtain a determination that certain debts owed by Steven and

Ann to Bremer are non-dischargeable pursuant to Title 11 U.S.C. §§ 523(a)(2)(4) and (6) of the

Bankruptcy Code due to their false pretenses, false representations, fraud, embezzlement, willful

and malicious injury, and fraud or defalcation while acting in a fiduciary capacity to Bremer

and/or to Bremer's property and/or collateral. Bremer also files this Complaint objecting to the Debtors obtaining a discharge pursuant to Title 11 U.S.C. § 727.

## I. PARTIES

1.      Bremer is a National Association organized under the laws of the United States of America with offices located throughout Minnesota. Bremer is both a secured and undersecured creditor in the Debtors' Chapter 7 proceedings.

2.      Defendants Steven G. Tilleskjor, Ann M. Tilleskjor, d/b/a Alexandria Plumbing and Heating Steven, are residents and citizens of the State of Minnesota. That Steven G. Tilleskjor, Ann M. Tilleskjor, d/b/a Alexandria Plumbing and Heating, are the Debtors in the above entitled Chapter 7 bankruptcy case. This case was originally commenced as a Chapter 11 case on July 23, 2009. The case was converted to Chapter 7 on or about September 23, 2009.

## II. JURISDICTION

3.      The Debtors filed for Chapter 11 bankruptcy on July 23, 2009.

4.      The scheduled First Meeting of Creditors of the Debtors Chapter 11 proceedings was scheduled for September 18, 2009.

5.      The Debtors' Chapter 11 proceedings were converted to Chapter 7 on or about September 23, 2009. The Debtors' Chapter 7 First Meeting of Creditors was conducted on November 2, 2009.

6.      The deadline to file a complaint objecting to discharge of the Debtors and/or to determine dischargeability of certain debts is January 4, 2010.

7.      This adversary proceeding arises out of and is related to the above-captioned case pending before the United States Bankruptcy Court. This Court has jurisdiction over this matter pursuant to Title 28 U.S.C. § 1334 since this is a civil case arising under 11 U.S.C. § 523. Venue

is proper under 28 U.S.C. § 1409 since this proceeding arises under Title 11 U.S.C. § 523(a) and since the Debtors' bankruptcy case is pending in this District.

8.      This proceeding is core proceeding pursuant to Title 28 U.S.C. § 1157(b)(2)(I) because this proceeding seeks a determination as to dischargeability of certain debts.

### III.  <u>GENERAL ALLEGATIONS</u>

9.      That Bremer entered into various loan agreements with Steven Tilleskjor.  The loans were either secured by mortgages on real property or security interests in various personal property of the Defendants.

10.     That Bremer's loans made to Steven secured by the Defendants' personal property were controlled in all material respects by the Defendants.  Each of the actions described of and complained of herein were taken by the Defendants or the Defendants' implicitly directed someone else to take or perform the actions complained of and the Defendants possessed knowledge of such actions either violating Bremer's rights and interests under various loan agreements governing Steven's obligations outstanding to Bremer or caused direct and material damage to Bremer.

11.     Bremer entered into loan agreements with Steven directly pursuant to various representations, and statements made or provided by Steven to Bremer.

12.     On April 5, 2006, Steven Tilleskjor d/b/a Alexandria Plumbing and Heating executed and delivered to Bremer Promissory Note #503567 payable in the principal amount of $20,100.   To secure repayment of said indebtedness, Steven Tilleskjor d/b/a Alexandria Plumbing and Heating granted Bremer a security interest in All Inventory, Chattel Paper, Accounts, Equipment, General Intangibles, and a 2000 Homemade Trailer.  At the time of the

Debtors filing for Chapter 11 bankruptcy relief, a principal balance of $12,418.39 remained due and payable on Note #503567.

13.     On June 8, 2007, Steven Tilleskjor d/b/a Alexandria Plumbing and Heating executed and delivered to Bremer Promissory Note #510615 payable in the principal amount of $270,000.  To secure repayment of said indebtedness, Steven Tilleskjor d/b/a Alexandria Plumbing and Heating granted Bremer a security an interest in All Inventory, Chattel Paper, Accounts, Equipment, General Intangibles, and:

> 2000 Southwest (s/n 48B500G23Y2022318)
> 2001 interstate (s/n 1UK500G2311035958)
> 2005 United (s/n 48BTE12165A086985)
> 2006 Aluma (s/n 1YGU520256B023331
> 2006 Aluma (s/n 1YGUS12197B034591)
> 2006 Interstate (s/n 1UK500J2371060019)
> 2006 Teske (s/n 5ERTM08186M035958)
> 1993 Soutwest (s/n 43126507)
> 2003 Sled Bed (s/n 5A8MG201932016600)
> 2007 Kawasaki (VIN JK1AFCH117B50674)

A principal balance of $282,846.43 remains due and payable on Note #510615 at the time of the Debtors filing for Chapter 11 bankruptcy relief.

14.     On or about the time of the Defendants filing for Chapter 11 relief, the Defendants received payment on accounts receivable from the Kanabec County Jail project in the approximate amount of $25,000.  The Defendants utilized Bremer's cash collateral post-Chapter 11 Petition, the approximate sum of $25,000, without Bremer authority, and without obtaining a court order authorizing the use of Bremer's collateral, and accounts receivable.

15.     Salonek Concrete was the general contractor on the Kanabec County Jail project. On July 29, 2009, six days after the Debtors filed for Chapter 11 bankruptcy relief, Alexandria Plumbing and Heating received a check in the amount of $17,607.45 from Salonek Concrete for work that Alexandria Plumbing and Heating performed on the Kanabec County Jail Project up to

June 22, 2009. The Debtors improperly utilized the $17,607.45 without seeking court approval. The Debtors cashed the $17,607.45 check on July 31, 2009, at First State Bank in Alexandria.

16.     Alexandria Plumbing and Heating received another check from Salonek Concrete on September 14, 2009, in the amount of $7,830. The $7,830 represents work that Alexandria Plumbing and Heating performed from June 22, 2009, through August 10, 2009, for the Kanabec County Jail project. Approximately $5,217 of the funds was Bremer's cash collateral. The Debtors improperly utilized the $5,217 without seeking court approval.

17.     The Debtors filed for Chapter 11 bankruptcy relief on July 23, 2009. The Debtors converted Bremer's accounts receivable from Salonek Concrete after petitioning for bankruptcy relief on July 23, 2009. The Debtors had no authority to convert Bremer's accounts receivable post-petition. The Debtors' actions are contrary to the Bankruptcy Code and contrary to the Debtors' fiduciary duties to Bremer Bank while seeking Chapter 11 relief.

18.     After the conversion of the Debtors' Chapter 11 proceedings to Chapter 7, the Debtors also failed to disclose certain assets and attempted to sell the assets by placing an advertisement in a local newspaper and selling the same prior to the First Meeting of Creditors in the Debtors' Chapter 7 proceedings. The Debtors were not able to claim the advertized assets as exempt, nor any proceeds received. The Debtors sold the property in contravention of the Trustee's interests.

19.     Among other items, the Debtors sold and/or advertised for sale an 8x8 Aluminum Fish House, a 2006 Honda 500 four-wheeler, and various guns and rifles. It is believed that the property that the Debtors sold has a value in excess of $10,000. The Debtors advertised the property for sale at less than the property's fair market value.

20.     At the time of the Debtors filing for Chapter 11 relief, the Debtors represented in their Bankruptcy Schedules they possess various equipment, tools, and supplies including a Kawasaki Mule 4 wheeler.  Subsequent to the Debtors filing for Chapter 11 relief and ultimate conversion of their bankruptcy proceedings to Chapter 7, the Debtors' tools, equipment, and Kawasaki Mule are missing and are unaccounted for by the Debtors.  The Debtors have a fiduciary relationship to the creditors, and the secured creditor, Bremer, to account for all assets pledged as collateral to Bremer post-bankruptcy filing.  The Debtors basically abandoned their tools and equipment at various construction sites post-petition in which the tools and equipment have subsequently disappeared.  The Debtors callous disregard for the preservation of the bankruptcy estate's assets and the Debtors failure to account for assets of the estate are grounds to have this Court determine pursuant to Title 11 U.S.C. § 523 that the Debtors' obligations outstanding to Bremer are not legally forgiven/discharged in an amount in excess of $50,000.00 or in the alternative, that the Debtors should be denied a discharge pursuant to Title 11 U.S.C. § 727(a)(2)-(a)(6) .

21.     That the Debtors' actions of converting Bremer's accounts receivable post-Chapter 11 bankruptcy relief, the Debtors' failure to account for assets of the Chapter 11 bankruptcy estate and subsequent Chapter 7 bankruptcy estate, despite their existence at the time of the filing for bankruptcy relief, and the Debtors selling property of the bankruptcy estate in which the Debtors could not claim as exempt are grounds to determine that the Debtors' obligations outstanding to Bremer are non-dischargeable pursuant to Title 11 U.S.C. §§ 523(a)(2), (4) and (6) and, in the alternative, that the Debtors' actions constitute grounds for denying the Debtors a discharge pursuant to Title 11 U.S.C. § 727(a)(2)-(a)(6).

### III. FIRST CAUSE OF ACTION

### Title 11 U.S.C. § 523(a)(2) False Pretenses, False Representations, Actual Fraud

22.     Bremer realleges the allegations as contained in its Complaint, paragraphs 1 through 21.

23.     Bremer alleges that pursuant to Title 11 U.S.C. § 523(a)(2), the Debtors obtained money, property, and/or services by false representations, or actual fraud by converting Bremer's collateral during the pendency of the Debtors' Chapter 11 and Chapter 7 proceedings, selling assets of the bankruptcy estate in which the Debtors have no authority and in which the Debtors failed to properly list all said assets, and the Debtors' failure to account for all assets of the bankruptcy estate including assets that existed at the time of the Debtors filing for Chapter 11 relief but have subsequently dissipated, disappeared, or otherwise lost or stolen post Chapter 7 filing are grounds for this Court to determine that the Debtors' obligations outstanding to Bremer Bank in an amount in excess of $50,000.00 is non-dischargeable pursuant to Title 11 U.S.C. §§ 523(a)(2)(4), and (6).  Said actions were conducted with false pretenses, false representations, or actual fraud.  Bremer further alleges that the Debtors' actions of converting accounts receivable including the Kanabec County Jail project were done with false pretenses, false representations, or actual fraud.  The Debtors' actions were all taken in contravention of their duties, responsibilities, warranties and representations and obligations of a Chapter 11 Debtors in addition being in contravention of Bremer's security interests in the same.

24.     That due to the Debtors' actions and inactions and use of false representations, fraud, deceit, false pretenses, willful and malicious injury, and violations of fiduciary duties, Bremer has incurred damages in excess of $50,000 and such is non-dischargeable pursuant to Title 11 U.S.C. § 523(a)(2)(A).

# IV.  SECOND CAUSE OF ACTION

## TITLE 11 U.S.C. §§ 523(a)(2)(B) USE OF A STATEMENT IN WRITING THAT IS MATERIALLY FALSE

25.     Bremer realleges paragraphs 1 through 24.

26.     Bremer alleges that pursuant to Title 11 U.S.C. § 523(a)(2), the Debtors have obtained money, or obtained money by using false financial statements respecting The Debtors' financial condition which was reasonably relied upon by Bremer causing Bremer to suffer damages in excess of $50,000.

27.     The Debtors obtained money, property and services from Bremer by the use of materially false financial statements, and false pleadings that the Debtors have published and delivered to Bremer, filed with the Bankruptcy Court, and reasonably relied upon by Bremer, which has resulted in the Debtors converting Bremer's collateral in excess of $25,000 of accounts receivable, and inducing Bremer not to otherwise seek to use extraordinary measures to protect its collateral.  In addition, the Debtors made various representations and statements regarding the collateral of Bremer, the location and the preservation of the collateral by the Debtors.  When it became apparent that the Debtors' Chapter 11 proceedings would be converted to Chapter 7, Bremer's collateral dissipated, disappeared, and the Debtors are unable to account for the same during the pendency of their Chapter 11 proceedings and conversion of the Chapter 7 proceedings.  The Debtors' actions and inactions are sufficient to constitute that the Debtors' obligations outstanding to Bremer Bank in excess of $50,000 is non-dischargeable pursuant to Title 11 U.S.C. § 523(a)(2)(B).

28.     Based upon the foregoing, the Debtors' obligations outstanding to Bremer, in a sum in excess of $50,000, should be determined to be non-dischargeable pursuant to Title 11 U.S.C. § 523(a)(2)(B).

## V.  THIRD CAUSE OF ACTION

## TITLE 11 U.S.C. § 523(a)(4) FRAUD, DEFALCATION WHILE ACTING IN A FIDUCIARY CAPACITY EMBEZZLEMENT AND LARCENY

29.     Bremer realleges paragraphs 1 through 28.

30.     Bremer alleges that pursuant to Title 11 U.S.C. § 523(a)(4), the Debtors committed fraud, or defalcation while acting in a fiduciary capacity and/or embezzlement or larceny.  Bremer asserts that during the Debtors' Chapter 11 and Chapter 7 proceedings, the Debtors had a fiduciary duty to the bankruptcy estate, to the creditors, including Bremer Bank, and to the Bankruptcy Trustee.  While the Debtors were exercising their fiduciary responsibility during their Chapter 11 proceedings, the Debtors converted Bremer Bank's collateral by utilizing Bremer's pre-petition accounts receivable post-petition without Bremer's consent, without providing Bremer replacement lien, and without obtaining a Court order, and during the Debtors Chapter 11 and Chapter 7 bankruptcy proceedings, the Debtors have failed to account for all property of the bankruptcy estate including the collateral of Bremer.

31.     The Debtors, while acting in a fiduciary capacity, have committed fraud or defalcation upon Bremer by granting Bremer various security interests in various corporate or personal assets as referred to in this Complaint and the Debtors have either converted that same for their personal use, or sold the same contrary to Debtors' loan agreements with Bremer or have failed to account for Bremer's collateral's disappearance, and dissipation causing Bremer damages in excess of $50,000.

32.     That due to The Debtors' actions and inactions, Bremer has been injured in a sum in excess of $50,000.

33.    Based on the foregoing, Bremer represents that the Debtors' obligation outstanding to Bremer, a sum in excess of $50,000 is non-dischargeable pursuant to Title 11 U.S.C. § 523(a)(4).

## VI.  FOURTH CAUSE OF ACTION

## TITLE 11 U.S.C. § 523(a)(6), WILLFUL AND MALICIOUS INJURY TO BREMER

34.    Bremer realleges paragraphs 1 through 33.

35.    Bremer alleges that pursuant to Title 11 U.S.C. § 523(a)(6), that the Debtors have willfully and maliciously injured Bremer by converting Bremer's collateral in contravention of bankruptcy laws, rules, and subsequent to the Chapter 11 bankruptcy filing, possessing a total disregard for the bankruptcy estate property/Bremer collateral in contravention of the Debtors' obligations, duties, and responsibilities to the bankruptcy estate and Bremer.

36.    Bremer further alleges that the Debtors intended to willfully and maliciously injure Bremer by the Debtors filing with the Bankruptcy Court  during the Chapter 11 bankruptcy proceedings motions for use of cash collateral and portraying to the public including Bremer that the Debtors are not utilizing Bremer's collateral, and the Debtors were aware of their duties and obligations regarding the protection of Bremer's collateral.  The Debtors utilized Bremer's collateral without obtaining a court order authorizing the use of Bremer's collateral and without providing Bremer a replacement lien.  In addition, the Debtors, despite having various duties and responsibilities in their Chapter 11 proceedings, breached said duties and responsibilities by allowing Bremer's collateral to dissipate, be stolen, and have failed to account for the disappearance of Bremer's collateral causing willful and malicious injuries to Bremer. Due to the Debtors' actions and inactions, the Debtors' obligations outstanding to Bremer in the

amount in excess of $50,000 should be determined by this Court to be non-dischargeable pursuant to Title 11 U.S.C. § 523(a)(6).

## <u>OBJECTION TO DISCHARGE</u>

37.     Bremer Bank realleges paragraph 1 through 36.

38.     Bremer Bank alleges that pursuant to Title 11 U.S.C. §§ 727(a)(2)-(6), the Debtors should be denied a discharge for their hindering, delaying or defrauding creditors of their bankruptcy estate.  The Debtors have removed, transferred, destroyed, mutilated or concealed property of the bankruptcy estate.  The Debtors have failed to keep or preserve recorded information, books and records regarding the Debtors' business affairs including more importantly during the Debtors' Chapter 11 bankruptcy proceeding.  The Debtors have made knowingly and fraudulently false statements in their bankruptcy proceedings including statements regarding Bremer's cash collateral, selling non-exempt property of the bankruptcy estate prior to the First Meeting of Creditors in the Chapter 7 case, and failing to remit the sale proceeds to the Trustee.  The Debtors have also failed to satisfactorily explain the loss of assets, the deficiency in assets during the pendency of the Debtors' Chapter 11 proceedings and subsequent to the Debtors' conversion to Chapter 7.  The Debtors have failed to obey Court Orders by refusing to turn over to Bremer various requested information and have failed to provide Bremer with various information regarding the Debtors' bankruptcy cash flow and accountability of the Debtors' cash flow during the pendency of their Chapter 11 proceedings and thereafter.

39.     Pursuant to Title 11 U.S.C. § 1127(a)(2)-(6), grounds exists to deny the Debtors a discharge.

# PRAYER FOR RELIEF

**WHEREFORE**, Bremer respectfully requests that this Court enter judgment in favor of Bremer and against The Debtors:

a.    Determining pursuant to Title 11 U.S.C. § 523(a)(2)(A) that the Debtors' obligation outstanding to Bremer in excess of $50,000 is non-dischargeable in their Chapter 7 bankruptcy proceeding; or

b.    Determining pursuant to Title 11 U.S.C. § 523(a)(2)(B) that the Debtors' obligation outstanding to Bremer in excess of $50,000 is non-dischargeable in their  Chapter 7 bankruptcy proceeding;

c.    Determining that pursuant to Title 11 U.S.C. § 523(a)(4), that the Debtors' obligations outstanding to Bremer in excess of $50,000 is non-dischargeable in the Debtors' Chapter 7 bankruptcy proceedings; or

d.    Determining that pursuant to Title 11 U.S.C. § 523(a)(6), that the Debtors' obligations outstanding to Bremer in excess of $50,000 is non-dischargeable in the Debtors' Chapter 7 bankruptcy proceedings; and/or

e.    Denying the Debtors a discharge pursuant to Title 11 U.S.C. § 727(a)(2) – (6);

f.    That Bremer be granted its costs and disbursements in this action;

g.    That Bremer be granted its attorney's fees, if applicable;

h.    That Bremer be allowed to amend its Complaint, after completion of discovery, to allege additional causes of action;

  i.  That Bremer be granted such other and further relief as this Court deems

  just and equitable.

Dated this 22nd day of December, 2009.

          /s/ Brad A. Sinclair

          Brad A. Sinclair (#0161652), of
          SERKLAND LAW FIRM
          10 Roberts Street
          PO Box 6017
          Fargo, ND  58108-6017
          (701) 232-8957
          **ATTORNEYS FOR BREMER**
          **BANK**